JONAH KALANIANAOLE and DAVID KAWANANA-
KOA *v.* WALTER M. GIFFARD, Treasurer of Waima-
nalo Sugar Company.

ORIGINAL.

JUDD, C.J., AND WHITING, J.

SUBMITTED JUNE 21, 1898.          DECIDED AUGUST 3, 1899.

By deed K doth "sell, convey and give" to J and D "all personal proper-
ty belonging to her, that is, bonds, stocks, leases," &c.  *  *  *  and
at the same time delivers to them certain certificates of stock in the
Waimanalo Sugar Company, a corporation of which G is treasurer,
but K did not endorse the certificates.

The treasurer refused to record the transfer, cancel the certificates and
issue new certificates to J and D.

The statute, Sec. 2016, Civil Laws, provides that the transfer of shares
may be by endorsement and delivery.  That the endorsee shall be
entitled to a new certificate upon surrendering the old one, and no
transfer shall be valid, except between the parties thereto, until
such new certificate shall have been obtained, or the transfer shall
have been recorded on the books of the corporation, so as to show
the date of the transfer, the parties thereto, their places of abode,
and the number and description of the shares transferred.

Held that as between K and J and D the title to the stock was in J
and D.

Held that the transfer not being by endorsement, nor in compliance
with the statute, the treasurer of the corporation rightly refused to
record the transfer and that the remedy of J and D was to obtain
an order of the court in equity which would be equivalent to the re-
quired endorsement.

OPINION OF THE COURT BY WHITING, J.

The parties appear in this court on a case stated or "submission without action."

"Your petitioners, Jonah Kalanianaole and David Kawananakoa on the one part and Walter M. Giffard, Treasurer of the Waimanalo Sugar Company, a corporation on the other part, respectfully represent:

"That they are parties to a question in a difference which might be the subject of an action before a circuit judge at chambers and have agreed upon a case containing the facts upon which the controversy depends and herewith present a submission of the same to the Justices of the Supreme Court.

"The facts upon which the controversy depends are as follow:

"Jonah Kalanianaole and David Kawananakoa claim to be the owners of fifteen shares of the Waimanalo Sugar Company a corporation, described in certificate No. 51 to Kapiolani, by virtue of a deed from Kapiolani, a copy of which is hereto annexed marked Exhibit 'A' and made a part hereof, and by virtue of delivery of said certificate from said Kapiolani to said Jonah Kalanianaole and David Kawananakoa and have demanded of said Walter M. Giffard, Treasurer of Waimanalo Sugar Company that he cancel said certificate and issue a new certificate in the names of said Jonah Kalanianaole and David Kawananakoa, and that the said Walter M. Giffard, Treasurer of said Waimanalo Sugar Company has refused to cancel such certificate and to issue a new certificate as requested upon the ground that said certificate is not endorsed by the said Kapiolani.

"The question for the determination of the court is whether said Walter M. Giffard can be compelled in a proper action to cancel said certificate and to issue a new certificate in the names of Jonah Kalanianaole and David Kawananakoa."

By the deed annexed, the Queen Dowager Kapiolani conveys to said Jonah and David certain real estate, and also doth "sell, convey, and give" to them "all personal property belonging to her, that is bonds, stocks, leases, furniture, jewelry, cattle and horses and all other personal property situate in the Hawaiian Islands as tenants in common and for their executors, administrators and assigns forever."

By this deed and the delivery of the shares of stock to them, the title passed and became vested in Jonah and David.

*Sargent v. Franklin Ins. Co.*, 8 Pick. 90; *Sargent v. Essex Marine Ry. Co.*, 9 Pick. 201; *Com. Bank of Buffalo v. Kortwright*, 22 Barb. 348; *Com. v. Crompton*, 137 Pa. St. 139.

The usual form of transfer of certificates of stock to enable them to be registered in the books of the corporation and a new certificate obtained is by endorsement or by assignment with power of attorney to register the transfer of the stock.

It does not appear, in the submission of this case, whether the Waimanalo Sugar Company has any by-law regulating the transfer of its stock, but by Sec. 2016 of the Civil Laws, it is provided that "Whenever the capital stock of any corporation is divided into shares, and the certificates thereof are issued, transfer of the shares may be made by endorsement and delivery of the certificate. The endorsee shall be entitled to a new certificate upon surrendering the old one. And no transfer shall be valid, except between the parties thereto, until such new certificate shall have been obtained, or the transfer shall have been recorded on the books of the corporation, so as to show the date of the transfer, the parties thereto, their places of abode, and the number and description of the shares transferred."

The transfer in this case is not in strict conformity with the law; and if the corporation is not satisfied to accept this equitable title it can require the parties to bring the matter before a court of equity where it may protect itself through an order of such court, and may be able to interplead any other parties who might be in interest.

Equity will compel transfers. 2 Thomp., Corp. § 2425.

We are of opinion that the holders of the certificates of stock must obtain a proper endorsement, or an order from a court of equity which would be equivalent thereto.

*Kinney, Ballou & McClanahan* for claimants.